## CHARLES E. D. PIERCE *vs.* CHARLES H. PIERCE.

Devises as follows:

"I give and devise to my two grand children Mary E. D. Pierce and Charles E. D. Pierce, for and during their natural lives, the use, rents, and profits of the next following described property, and in manner next to be described, namely, two lots of land with one dwelling house standing partly on each. . . . Said Mary E. D. shall have the use, rents, and profits of the following portions of said dwelling house, namely, all the second storey, three rooms in the third storey, and two rooms in the basement, said parts comprising one tenement. Said Charles E. D. shall have the use, rents, and profits of the following portions of said dwelling house, namely, all the first storey, three rooms in the basement, and three rooms in the third storey, all said parts comprising another tenement. The other improvements and the appurtenances of said lots shall be used by said Mary E. D. and Charles E. D. in common. And at the decease of said Mary E. D. or Charles E. D., or both of them, all the interest of the deceased in the afore described premises shall vest in his or her heirs."

"I also give and devise to said Mary E. D., for and during her natural life, the use, rents, and profits of a certain lot of land with two cottage houses thereon, and other improvements. . . . And at the decease of Mary E. D. said last described premises shall vest in her heirs."

*Held,* that Mary E. D. Pierce took an estate of inheritance under both devises, by virtue of the rule in Shelley's case.

*Held,* further, that the use of the words "at the decease" instead of "after the decease," was immaterial.

*Held,* further, that the word "interest," &c., denoted the properties or portions thereof given as described in the devises.

A devise of the use, rents, and profits of realty carries the realty.

The propinquity of kinship, under the Rhode Island Statute governing the descent of ancestral realty, Rev. Stat. R. I. cap. 159, § 6; Gen. Stat. R. I. cap. 176, § 6; Pub. Stat. R. I. cap. 187, § 6, is determined by the canons of descent; Rev. Stat. R. I. cap. 159, § 1; Gen. Stat. R. I. cap. 176, § 1; Pub. Stat. R. I. cap. 187, § 1.

*Smith* v. *Smith,* 4 R. I. affirmed.

EXCEPTIONS to the Court of Common Pleas.

*June* 4, 1884. DURFEE, C. J. This is trespass and ejectment for one half of certain real estate which the plaintiff seeks to recover as heir at law of his late sister, Mary E. D. Cushman, wife of William A. Cushman, formerly before marriage Mary E. D. Pierce. The facts on which he rests his claim are these: The estate formerly belonged to Lydia R. Dawson, the maternal grandmother of the plaintiff and his said sister, who died November 30, 1860, leaving a will which was duly admitted to probate. The first two clauses of the will relate to the estates in suit, and omitting the immaterial and descriptive parts, are as follows, to wit:

" I give and devise to my two grand children Mary E. D. Pierce

and Charles E. D. Pierce, for and during their natural lives, the use, rents, and profits of the next following described property, and in manner next to be described, namely, two lots of land with one dwelling house standing partly on each. . . . Said Mary E. D. shall have the use, rents, and profits of the following portions of said dwelling house, namely, all the second storey, three rooms in the third storey, and two rooms in the basement, said parts comprising one tenement. Said Charles E. D. shall have the use, rents, and profits of the following portions of said dwelling house, namely, all the first storey, three rooms in the basement, and three rooms in the third storey, all said parts comprising another tenement. The other improvements and the appurtenances of said lots shall be used by said Mary E. D. and Charles E. D. in common. And at the decease of said Mary E. D. or said Charles E. D., or of both of them, all the interest of the deceased in the afore described premises shall vest in his or her heirs."

" I also give and devise to said Mary E. D., for and during her natural life, the use, rents, and profits of a certain lot of land with two cottage houses thereon, and other improvements. . . . And at the decease of Mary E. D., said last described premises shall vest in her heirs."

The testatrix when she died left one child, her sole heir at law, to wit, Mary D. Pierce, the wife of Charles H., the defendant, and the mother of Mary E. D. and Charles E. D., who were her only children, Charles H. being their father. Mary E. D. died June 20, 1862, intestate and without issue. Mary D. died February 20, 1881. The defendant has taken the rents of the estate ever since his daughter's death.

The claim of the plaintiff is that the estate devised to his sister was an estate in fee simple, and that being ancestral it descended to him and his mother under the law governing the descent of ancestral estates. Rev. Stat. R. I. cap. 159, § 6.[1] The defendant

---

[1] As follows:

"When the title to any real estate of inheritance, as to which the person having such title shall die intestate, came by descent, gift, or devise, from the parent or other kindred of the intestate, and such intestate die without children, such estate shall go to the kin next to the intestate, of the blood of the person from whom such estate came or descended, if any there be."

combats this claim, and contends that the estate devised was an estate for life only. We think the estate was an estate of inheritance by virtue of the rule in Shelley's case. We do not see how there can be any doubt in regard to the second estate. By the second devise the testatrix gives to Mary E. D. Pierce, " for and during the term of her natural life, the use, rents, and profits " of the premises described. The devisee under this language, if this had been all, would clearly have taken an estate for life, it being well settled that a devise of the use, rents, and profits of real estate carries the real estate itself. *Sammis* v. *Sammis, ante,* p. 123. The devise to Mary E. D. Pierce for life, however, is followed in the same clause by the words, " And at the decease of Mary E. D. said last described premises shall vest in her heirs." This brings the case directly within the letter of the rule in Shelley's case. *Burges* v. *Thompson,* 13 R. I. 712, 714; *Guthrie's Appeal,* 37 Pa. St. 9. The defendant contends that the use of the words " at her decease," to denote the time when the premises were to vest in the " heirs," shows that the word " heirs " was used to designate certain persons answering to the description of heirs, and not as a word of limitation or as " a *nomen collectivum* for the whole line of descent." We do not think this conclusion can be accepted. Undoubtedly " at his or her decease " is not so common an expression as " after his or her decease " in such devises, but the difference is too insignificant to break the stubborn strength of the rule. We do not find that the cases have ever treated the difference as of any account. *Brownell* v. *Brownell,* 10 R. I. 509; *Allen* v. *Markle,* 36 Pa. St. 117; *Cooper* v. *Coursey,* 2 Cold. 416, 418; *Norris* v. *Hensley,* 27 Cal. 439. The first devise differs from the second in these respects, that in it the premises are given to the two devisees named to be used and enjoyed by them in particular modes which are marked out, and that the *interest* of each of them is to vest at the death of each of them in his or her heirs. The defendant contends that the designated modes of use or employment are inconsistent with a gift in fee simple. The modes, however, are no more inconsistent, save in degree, with a gift in fee simple than they are with a gift for life, and if they cannot hold consistently with the gift they must give way in order that the general intent may prevail. *Pell* v. *Mercer, ante,* p. 412.

Finally the defendant contends that only a life interest passed, because it was not the land or premises, but the *interest* of the devisees named, which, at their decease, was to vest in their heirs. He contends that out of the rents and profits there might have been an interest remaining to go to the heirs, even though the devisees named were to take for life only. We think, however, that if the estate was for life only any interest in the estate which would remain, after the decease of the life tenant, would be simply incidental and pass with the gift for life; it would not remain to be given over by way of remainder. We think the word was used to denote the properties themselves or the portions given, as previously described. *Chester* v. *Painter*, 2 P. Wms. 335; 3 Greenleaf's Cruise's Dig. 333, § 39. Our conclusion is, therefore, that under the first devise, as well as under the second, the said Mary E. D. Pierce took an estate in fee simple.

The next question is, who inherited the estate from Mary E. D. Pierce when she died. It is conceded that the answer to this question depends on Rev. Stat. R. I. cap. 159, § 6, which provides that " when the title to any real estate of inheritance as to which the person having such title shall die intestate, came by descent, gift, or devise, from the parent or other kindred of the intestate, and such intestate die without children, such estate shall go to the kin next to the intestate of the blood of the person from whom such estate came or descended, if any there be." And see Pub. Stat. R. I. cap. 187, § 6, for the same provision. The defendant contends that his wife, the mother of Mary E. D., was " the kin next " to her of the blood of Lydia R. Dawson, the testatrix, being nearer to her by one degree than her brother the plaintiff; that she therefore inherited the estate to the exclusion of the plaintiff; and that now, since her death, he, the defendant, is entitled to it as tenant by the courtesy. This position is not tenable. Substantially the same question which is here raised came up in *Smith* v. *Smith*, 4 R. I. 1, and it was there held, in an opinion of great research delivered by Judge Brayton, that under the provision in regard to ancestral estates degrees of kindred are to be reckoned according to the canons of descent. Accordingly it was decided in *Smith* v. *Smith* that an estate which the intestate had inherited from a deceased brother should descend to her

mother, brothers, and sisters in equal shares, they being in the same degree of kinship, reckoning the degrees according to the canons of descent. The case governs the case at bar, and we must therefore hold that the plaintiff and his mother inherited the estate devised to Mary E. D. Pierce by Lydia R. Dawson in equal moieties, and that the plaintiff is entitled to recover one half thereof in this suit, the defendant being entitled to hold the other half as tenant by the courtesy.　　　　　　　*Exceptions overruled.*

*George N. Bliss & James M. Morton*, for plaintiff.

*Dexter B. Potter*, for defendant.